# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE U.S. DEPARTMENT OF JUSTICE MOTION TO COMPEL FACEBOOK TO PROVIDE TECHNICAL ASSISTANCE IN SEALED CASE, OPINION ISSUED IN OR ABOUT SEPTEMBER 2018 | Misc. Case No. 1:18-mc-00057-LJO-EPG<br><br>ORDER DENYING MOTIONS TO UNSEAL (ECF Nos. 1 & 3); ORDER TO SEAL RESPONSIVE FILINGS |

## I. BACKGROUND AND ISSUES

On November 28, 2018, Applicants American Civil Liberties Foundation ("ACLU") and W.P. Company LLC, dba The Washington Post, filed applications for the Court to unseal its court ruling pertaining to the U.S. Department of Justice ("DOJ") and Facebook, Inc ("Facebook").

On February 7, 2018, both DOJ and Facebook filed responses to the pending applications. Due to the substantive nature of the responses that parallel the reasons the proceedings were sealed in the first instance, both of their requests to allow the sealing of those responses are hereby GRANTED.

The original motions, requests, substantive documents in support and in opposition, evidentiary hearing, and resulting Court Order of Decision were closed and sealed, upon motion and request, because the Court determined and made findings that:

1. The Government's assertion that disclosure of the legal materials, testimony, and ultimate Order would jeopardize both the then-current and subsequent criminal investigations of
1

1. future cases (both categories involving and emanating from Title III wiretap processes) was a valid and legitimate factual and legal concern; and

2. Facebook's assertion that its internal processes that were the subject of the Government's motion constituted trademark and protected material and information, and that public disclosure would provide such protected information to competitors, thereby jeopardizing substantial business quality, productivity, and profit, was legitimate, true, and reasonable.

The Government opposes the instant requests to unseal. Facebook supports the requests on the condition that any disclosed materials be subject to limited redaction.

The issues raised by the requests to unseal are:

- whether the public has First Amendment and common law rights of access to the court records sought; and

- if so, whether the Government has articulated compelling reasons that outweigh the public's right of access.

## II. <u>DISCUSSION</u>

The Court recognizes that Applicants are handicapped in their argument due to their almost non-existent factual knowledge. The Court, however, also understands that to provide Applicants with the information that would allow them to be convinced of the need to seal would swallow the very issues that resulted in the closed hearing and sealing of records. That said, the statutory presumption against Title III materials is not as narrow as Applicants claim, especially under the instant factual scenario. There can be no dispute that the requested materials contain and pertain to sensitive wiretap information that implicates directly the very purpose of the Title III statutory scheme of nondisclosure. *See* 18 U.S.C. §§ 2517, 2518. Trying to separate that information from any non-covered material is simply impossible.

The unsealing and disclosure of Title III is governed by a comprehensive statutory scheme that establishes a presumption against disclosure. Title III prohibits all disclosures not authorized by statute. 18 U.S.C. §§ 2517(1)-(8). The purpose of Title III, including the provisions governing disclosure of

wiretap materials, makes it clear that Congress intended such material to remain confidential and "clearly negate(s) a presumption in favor of disclosure." *In Re the Matter of the Application of the New York Times Co.*, 577 F.3d 401, 408-10 (2nd Cir. 2009); *see also United States v. Kwok Cheung Chow*, No. 14-CR-00196 CRB JCS, 2015 WL 5094744, at *3 (N.D. Cal. Aug. 28, 2015).

<u>All</u> of the materials Applicants seek are Title III wiretap materials that directly flow from orders granting Title III wiretap requests. Therefore, this Court cannot ignore the statutory language that protects the confidentiality of these materials. In attempting to determine whether such materials are subject to a First Amendment right of access, a Court must determine whether this type of information/proceeding has traditionally been conducted in an open fashion, <u>and</u> whether public access to the information/proceeding would serve to curb prosecutorial and/or judicial misconduct or would further the public's interest in understanding the criminal justice system. *Oregonian Publ'g Co. v U.S. Dist. Court for Dist. Of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990). "This two-part test is commonly referred to as the 'experience and logic' test." *United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017). "Even when the experience and logic test is satisfied, however, the public's First Amendment right of access establishes only a strong presumption of openness, and the public still can be denied access if closure is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id*. (internal quotation omitted); *see also Chow*, 2015 WL 5094744, at *2 (applying experience and logic test to materials covered by Title III).

Here, following the reasoning set forth in *N.Y. Times*, 577 F.3d at 410, the Court agrees with the Government that: (a) under the history-and-logic test, Title III wiretap materials are generally not subject to disclosure because there is no historical tradition of open access to Title III proceedings; and (b) Applicants have failed to present any basis upon which this Court could adopt their view that public policy favors public involvement in matters such as those presented here over Congress' preferred public policy as expressed in Title III itself. *See also United States v. Blagojevich*, 662 F. Supp. 2d 998, 1004 (N.D. Ill. 2009) (finding "no historical tradition of open public access to Title III materials" and

3

rejecting public policy arguments that contradict Congress' concern for confidentiality and privacy reflected in the text and legislative history of Title III). Accordingly, no qualified First Amendment right of access attaches to the materials/procedures sought.

Even if the qualified right did attach, the compelling interest of the DOJ to preserve the secrecy of law enforcement techniques in Title III wiretap cases overwhelms that qualified right. The materials at issue in this case concern techniques that, if disclosed publicly, would compromise law enforcement efforts in many, if not all, future wiretap investigations. In addition, in the instant case, the investigation is ongoing. *See In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013) (agreeing that government's interests in maintaining the secrecy of its investigation, preventing potential subjects from being tipped off, or altering behavior to thwart an ongoing investigation, outweighed public interest in disclosure of materials covered by the Stored Communications Act). Disclosure under these circumstances is exactly what the relevant statutory provisions attempt to preclude.

Redaction of sensitive information is not a viable option here, as sensitive investigatory information is so thoroughly intertwined with the legal and factual arguments in the record such that redaction would leave little and/or misleading substantive information. In sum, the requested material is so entangled with investigatory secrets that effective redaction is not possible.

The Court also finds that the common law right of access does not attach to the materials requested. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989) ("there is no right of access to documents which have traditionally been kept secret for important policy reasons"). Title III supersedes any arguable common law right. *N.Y. Times*, 577 F.3d at 405.

The important policy reasons to preserve the secrecy of the Title III criminal investigation are present and remain intact in this case. The interests of the public are outweighed in favor of non-disclosure based on the relevant facts and circumstances here. After balancing these interests as required under *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S.*

*of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011), the Applications for disclosure fall short and are therefore DENIED.

IT IS SO ORDERED.

    Dated:   **February 11, 2019**           **/s/ Lawrence J. O'Neill**
                                                     UNITED STATES CHIEF DISTRICT JUDGE