1  McGREGOR W. SCOTT
United States Attorney
2  KIMBERLY A. SANCHEZ
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4000
Facsimile:  (559) 497-4099
5
JEFFREY S. POLLAK
6  Criminal Division
U.S. Department of Justice
7
Attorneys for United States of America
8

9                    IN THE UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11  | IN RE U.S. DEPARTMENT OF JUSTICE | CASE NO.  1:18-MC-00057-LJO-EPG |
   MOTION TO COMPEL FACEBOOK TO
12  PROVIDE TECHNICAL ASSISTANCE IN
   SEALED CASE, OPINION ISSUED IN OR | MOTION TO CONFIRM, PURSUANT TO
13  ABOUT SEPTEMBER 2018 | FEDERAL RULE OF APPELLATE PROCEDURE
   10(e), THAT CERTAIN DOCUMENTS ARE PART
14  | OF THE RECORD ON APPEAL

15
         The United States of America, by and through McGREGOR W. SCOTT, United States Attorney
16
for the Eastern District of California, KIMBERLY A. SANCHEZ, Assistant United States Attorney, and
17
JEFFREY S. POLLAK, Attorney in the Criminal Division of the Department of Justice, hereby moves
18
the Court to confirm, pursuant to Federal Rule of Appellate Procedure 10(e), that certain materials
19
docketed in other cases were before this Court at the time it issued its February 11, 2019 order denying
20
the motions to unseal and are part of the record on appeal.  If the Court grants this motion, the
21
Government would be able to transmit the sealed materials at issue to the court of appeals in sealed, *ex*
22
*parte* Excerpts of Record to be filed with its answering brief.
23
                                   **BACKGROUND**
24
         On November 28, 2018, the American Civil Liberties Foundation ("ACLU") and WP Company
25
LLC, dba The Washington Post (hereinafter "movants"), filed motions in this Court to seeking to unseal
26
certain documents relating to separately docketed Title III proceedings in this Court involving the
27
Government and Facebook.  Movants requested specifically that the Court unseal any sealed docket
28

MOTION TO CONFIRM, PURSUANT TO FEDERAL RULE OF
APPELLATE PROCEDURE 10(E), THAT CERTAIN
MATERIALS ARE PART OF THE RECORD ON APPEAL

1

1   sheets, court orders on sealing requests, any judicial rulings associated with the Title III proceedings that

2   movants described, and legal analysis presented in government submissions and addressed in judicial

3   rulings.  *See* Doc. 1 (ACLU Mot.) at 2.

4        On February 7, 2019, this Court issued an order on the public docket denying movants' motions

5   to unseal.  Doc. 26 at 1-5.  The Court described the materials that were the subject of the unsealing

6   motions as a "court ruling pertaining to the U.S. Department of Justice . . . and Facebook," "motions,

7   requests, substantive documents in support and opposition, evidentiary hearing, and resulting Court

8   Order of Decision."  *Id.* at 1.  The Court explained that it had "closed and sealed" those materials, "upon

9   motion and request" based on particular findings made at the time and restated in the February 7 Order.

10  *Id.* at 1-2.  The Court then concluded that neither the First Amendment nor the common law afforded

11  movants (or the public) a right of access to the materials, that any such right would be outweighed by

12  compelling government interests in any event, and that "[r]edaction of sensitive information is not a

13  viable option" in this case, because "sensitive investigatory information is so thoroughly intertwined

14  with the legal and factual arguments in the record such that redaction would leave little and/or

15  misleading substantive information."  *Id.* at 2-4.

16       On March 8 and 13, 2019, respectively, movants filed separate notices of appeal.  Docs. 27, 29.

17  The Washington Post's opening brief is currently due on May 13, 2019, while the ACLU's opening brief

18  is due, on extension, on June 12, 2019.

19       On April 15, 2019, the ACLU filed in the court of appeals a motion requesting that court "to

20  obtain" from this Court what it describes as "Contempt-related Materials" . . . filed in a separate sealed

21  matter," and then "include them as part of the appellate record in this case."  The ACLU's motion—a

22  copy of which is appended hereto as Attachment A—states that the ACLU is not privy to the docket

23  numbers "or other identifying information" for the sealed matters in which the materials they seek were

24  first filed, but asserts that the Government has the necessary information, "as do Facebook, at least one

25  judge" of this Court, "and likely the district court clerk's office."  Attach. A, at 3-4.  The motion argues

26  that the court of appeals "could order any of these entities to provide [the case-identifying] information

27  or obtain and file the Contempt-Related Materials with [the Ninth Circuit] to ensure the [court of

28  appeals] has access to them as it considers this appeal."  *Id.* at 4.

MOTION TO CONFIRM, PURSUANT TO FEDERAL RULE OF
APPELLATE PROCEDURE 10(E), THAT CERTAIN
MATERIALS ARE PART OF THE RECORD ON APPEAL

1

### DISCUSSION

2      In light of the ACLU's motion in the Ninth Circuit, and in an abundance of caution, the

3  Government moves this Court to confirm, pursuant to Federal Rule of Appellate Procedure 10(e), that

4  the materials the ACLU seeks to include in the appellate record were before this Court when it issued its

5  February 11, 2019 Order denying the unsealing motions.  This Court has the authority under Rule 10(e)

6  to clarify that the sealed materials that movants seek to include in the appellate record were in fact

7  before this Court at the time that it issued its February 11 Order.[*]  Rule 10(e) "is meant to ensure that the

8  record reflects what really happened in the district court."  *United States v. Banks*, 405 F.3d 559, 567

9  (7th Cir. 2005).  While the rule cannot be used to supplement the record "with material which was not

10  before the district court," *United States v. Walker*, 601 F.2d 1051, 1054 (9th Cir. 1979); *see United*

11  *States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993), it can ensure that the appellate record includes

12  materials that were "relied upon by the district court []or relevant to its decisions" but that may not

13  appear on its docket.  *See Banks*, 405 F.3d at 567.

14      Here, this Court's February 11 Order makes clear that the categories of sealed materials at issue

15  were before the Court at the time it ruled.  The Court described the materials ("original motions,

16  requests, substantive documents in support and opposition, evidentiary hearing, and resulting Court

17  Order of Decision"), Doc. 26 at 1; explained the grounds on which it had previously ordered the

18  materials "closed and sealed," *id.* at 1-2; and rejected movants' request for at least partial unsealing after

19

20      [*] Rule 10 provides in relevant part:

21      (e) Correction or Modification of the Record.

22          (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

23          (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

24

25              (A) on stipulation of the parties;

26              (B) by the district court before or after the record has been forwarded; or

27              (C) by the court of appeals.

Fed. R. App. P. 10(e).

28

MOTION TO CONFIRM, PURSUANT TO FEDERAL RULE OF
APPELLATE PROCEDURE 10(E), THAT CERTAIN
MATERIALS ARE PART OF THE RECORD ON APPEAL

1   concluding that "the requested material is so entangled with investigatory secrets that effective redaction

2   is not possible," *id.* at 4.  The Court's Order thus leaves little doubt that, although the sealed materials at

3   issue may have been docketed only under other case numbers, they were "before" this Court and

4   considered by it in resolving the unsealing motions that are now on appeal.  *See Walker*, 601 F.2d at

5   1054.  Accordingly, the Court should confirm in a written order that the materials at issue were before it

6   in this case and that, under Rule 10(e), those materials may properly be included in the appellate record.

7   If the Court enters such an order, the Government will be prepared to provide the sealed materials to the

8   court of appeals in sealed, *ex parte* Excerpts of Record to be filed with its answering brief.

9          A proposed order accompanies this motion.

10   Dated:  April 25, 2019                                    Respectfully Submitted,

11                                                             McGREGOR W. SCOTT
                                                               United States Attorney
12

13

14                                                             KIMBERLY A. SANCHEZ
                                                               Assistant United States Attorney
15

16                                                             JEFFREY S. POLLAK
                                                               Criminal Division
17                                                             U.S. Department of Justice

18

19

20

21

22

23

24

25

26

27

28

MOTION TO CONFIRM, PURSUANT TO FEDERAL RULE OF                    4
APPELLATE PROCEDURE 10(E), THAT CERTAIN
MATERIALS ARE PART OF THE RECORD ON APPEAL