**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES DEPARTMENT OF JUSTICE; FACEBOOK, INC., Respondents-Appellees, v. AMERICAN CIVIL LIBERTIES UNION FOUNDATION; et al., Movants-Appellants, and WP COMPANY LLC, DBA The Washington Post, Movant. | No. 19-15472 D.C. No. 1:18-mc-00057-LJO-EPG MEMORANDUM* |
| UNITED STATES DEPARTMENT OF JUSTICE; FACEBOOK, INC., Respondents-Appellees, v. WP COMPANY LLC, DBA The Washington Post, | No. 19-15473 D.C. No. 1:18-mc-00057-LJO-EPG |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

>Movant-Appellant,
>
>and
>
>AMERICAN CIVIL LIBERTIES UNION FOUNDATION; et al.,
>
>Movants.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 28, 2020
Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

The American Civil Liberties Union, the Electronic Frontier Foundation, and the Washington Post appeal from the district court's denial of motions to unseal various contempt proceeding documents related to a technical assistance wiretap order under 18 U.S.C. § 2518(4). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo whether a right of access to certain records or proceedings exists under the First Amendment or the common law. *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019). To determine whether a First Amendment right of access attaches to particular proceedings or records, we consider (1) "whether the place and process have historically been open to the press and general public," and (2) "whether public access plays a significant

2

positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986). Because the materials at issue here do not pass this "experience and logic" test, a qualified First Amendment right of access does not exist. The documents have not historically been open to the general public during an investigation. And, because of the ongoing nature of the investigation, the benefits of open proceedings are "more than outweighed by the damage to the criminal investigatory process." *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1215 (9th Cir. 1989).

We decline to consider whether there is a separate common law right of access to the documents because any presumption in favor of access would be outweighed by a compelling government interest in maintaining secrecy in an ongoing investigation. *See United States v. Index Newspapers LLC*, 766 F.3d 1072, 1090 (9th Cir. 2014) (refusing to consider "whether there is a common law right of access to the transcripts of the closed portion of the contempt hearing because, even if there is such a right, the government's interest in grand jury secrecy is a sufficiently important countervailing interest that overcomes any common law presumption in favor of access") (internal citations, quotation marks, and alterations omitted).

**AFFIRMED**.